UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**SAMUEL MACARTHUR ROYSTER JR.**                                            **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:23-CV-P19-GNS**

**TODD COUNTY DETENTION** *et al.*                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint (DN 1) pursuant to 28 U.S.C. § 1915A and two discovery motions filed by Plaintiff (DNs 6 & 7). For the reasons set forth below, the Court will dismiss some of Plaintiff's claims, allow one claim to proceed, allow Plaintiff the opportunity to file an amended complaint, and deny his discovery motions as premature.

**I.**

Plaintiff Samuel MacArthur Royster, Jr., is incarcerated as a convicted prisoner at Todd County Detention Center (TCDC). Plaintiff sues TCDC[1] and TCDC Jailer Jeff Pennick. Plaintiff does not indicate in what capacity he sues Defendant Pennick.

Plaintiff makes the following allegations in the complaint:

On 1/29 I was sitting in the dayroom at [TCDC] when I was brutally attacked by a inmate he was on top of me beating in my face stomping my head, I was yelling for the officer to help me repeatedly I yelled help why the officer stood on the outside of the cell an watch the inmate beat me never did the officer enter the dorm to aid and assist me they just watch. . . . I was fighting for my life my neck back ribs and also my head is swollen one of the officers stated to me that she was not certified and couldn't come inside to get the inmate off me that's why she stood there and watch him beat me over and over if the officer was not certified why is this officer working [TCDC]. This is jeopardizing inmate safety by having officers that's not certified working here. Because of the severe beating I requested medical attention I was refused my head was swollen like a watermelon my back is messed up for

---

[1] In the complaint, Plaintiff actually names "Todd County Detention" as the Defendant. The Court takes judicial notice that the correct name of the facility is Todd County Detention Center.

life my legs an hands continue to go numb it hurts to walk or use the restroom I'm having constant headaches I have to get help to get up of the bed they continue to give me Tylenol when I need to go to a hospital and seek proper treatment . . . .

Plaintiff states that these allegations show that Defendants violated his Eighth Amendment rights. As relief, Plaintiff seeks damages and/or or release from incarceration.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. TCDC/Todd County

The TCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Todd County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Thus, the Court will direct that TCDC be terminated as a Defendant in this action and that Todd County be substituted in its place.

A municipality such as Todd County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and

the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty.*, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, the Court construes the complaint as asserting that a Todd County custom or policy of staffing TCDC with officers who are not "certified" caused at least some officers who were on duty to be unable to intervene in the alleged attack on Plaintiff and protect him from the other inmate. Based upon this allegation, <u>the Court will allow an Eighth Amendment failure-to-protect claim to proceed against Todd County</u>. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

As to Plaintiff's claims concerning the lack of medical treatment, nothing in the complaint suggests that any deliberate indifference to his serious medical needs was based upon a policy or custom of Todd County. Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. TCDC Jailer Pennick

To the extent that Plaintiff sues Defendant Pennick in his official capacity, the claims are actually against Defendant Pennick's employer, which is Todd County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 691 n.55). Thus, the Court will dismiss any official-capacity claims against Defendant Pennick as redundant to Plaintiff's claims against Todd County. *See, e.g.*, *O'Connor v. Chatfield*, No. 2:19-cv-218, 2021 U.S. Dist. LEXIS 230522, at *11 (W.D. Mich. Mar. 29, 2021) (dismissing official-

capacity claims against county official because redundant to claims against the county) (citing *Kentucky v. Graham*, 473 U.S. at 167 n.14).

Moreover, the Court finds that any individual-capacity claim against Defendant Pennick is also subject to dismissal. Because the complaint sets forth no allegations again Defendant Pennick, the Court assumes that Plaintiff seeks to hold him liable in his supervisory role as the TCDC Jailer. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations that Defendant Pennick was actively involved in the alleged violation of Plaintiff's constitutional rights, any individual-capacity claim against him must be dismissed for failure to state a claim upon which relief may be granted.

### C. Injunctive Relief

As to Plaintiff's request that he be released from incarceration, Plaintiff cannot obtain such relief in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's request for injunctive relief will also be dismissed for failure to state a claim upon which relief may be granted.

### D. Amended Complaint

The Court will provide Plaintiff the opportunity to file an amended complaint in which he names as Defendants the individual officers who allegedly failed to protect him from attack and the individual officers/medical personnel who were or continue to be deliberately indifferent to his serious medical needs. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### E. Discovery Motions

The Court will deny as premature the two discovery motions Plaintiff has filed (DNs 6 & 7) because the Court has not yet directed service on any Defendant.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment claim against Todd County for deliberate indifference to his serious medical needs, any individual-capacity claim against Defendant Pennick, and Plaintiff's request for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendant Pennick are **DISMISSED** as redundant to Plaintiff's claims against Todd County.

**IT IS FURTHER ORDERED** that Plaintiff's discovery motions (DNs 6 & 7) are **DENIED as premature**.

The **Clerk of Court** is **DIRECTED** to **terminate TCDC as a Defendant in this action and to add Todd County as a Defendant in its place**.

The **Clerk of Court** is further **DIRECTED to terminate Defendant Pennick as a party to this action because no unique claims remain against him.**

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he **1) names as Defendants the individual officers who allegedly failed to protect him from attack and the individual officers/medical personnel who were or continue to be deliberately indifferent to his serious medical needs; 2) describes the actions taken or not taken by each newly-named Defendant in regard to each claim; 3) sues these Defendants in their individual capacities; and 4) completes a summons form for each.**[2]

The **Clerk of Court** is further **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with four blank summons forms, for his use should he decide to file an amended complaint.

If Plaintiff files an amended complaint within 30 days, the Court will review it under § 1915A. If Plaintiff fails to timely file an amended complaint, the Court will enter a Service and Scheduling Order to govern the claim it has allowed to proceed.

Date: February 28, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant Pennick
     Todd County Attorney
4416.011

---

[2] Regarding the completion of the summon form, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.